IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE PEABODY, Ex Rel United States of America, | ) ) Civ. No. 07-00148 ACK-BMK |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HELEN GILLMOR; MARY ROSE FERIA; SUE BEITIA; SAMUEL P. KING; J. MICHAEL SEABRIGHT, | ) ) ) ) |
| Defendants. | ) ) ) |

ORDER ADOPTING FINDINGS & RECOMMENDATION

BACKGROUND

Plaintiff George Peabody, proceeding pro se, filed the instant lawsuit on March 20, 2007.  Magistrate Judge Barry M. Kurren issued an Order to Show Cause on August 14, 2007, directing Plaintiff to show good cause why the case should not be dismissed for failure to appear at two Rule 16 Scheduling Conferences, failure to file a Scheduling Conference Statement, and failure to serve any of the defendants.  See Order to Show Cause at 2 (Aug. 14, 2007).

After holding a hearing on the Order to Show Cause, and hearing argument by Plaintiff, Judge Kurren issued a Findings and Recommendation that Case Be Dismissed ("F&R") on August 30, 2007, recommending that Plaintiff's case be dismissed for failure to

show good cause for not properly serving the complaint within the time required and for failure to comply with court orders.  <u>See</u> F&R at 2.

Plaintiff filed an Order to Strike Findings and Recommendation on September 10, 2007, which this Court construes as objections to the F&R.  <u>See</u> Order to Strike Findings and Recommendation (Sept. 10, 2007) ("Objections").  The Court finds this matter suitable for disposition without hearing.  <u>See</u> L.R. 7.2(d); L.R. 74.2.

<u>**STANDARD**</u>

The District Court makes a de novo determination of those portions of the magistrate judge's findings and recommendation to which objection is made.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); L.R. 74.2.  The District Court may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendation.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); L.R. 74.2.  The District Court will not conduct a new hearing unless required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  <u>See</u> L.R. 74.2; <u>see also</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The District Court may exercise discretion to receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.  <u>See</u> L.R. 74.2; <u>see also</u> 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## DISCUSSION

Plaintiff's objections lack merit.

First, Plaintiff's argument that Magistrate Judge Kurren acted without authority and/or without notifying Plaintiff is completely unsupported.  See Objections at 2 ("Kurren implies that he received consent to intervene as a master from no party and held a hearing upon his own motion submitted to himself which written instrument has not been served upon George Peabody"). Section 636(b)(1) of Title 28 of the United States Code, Federal Rule of Civil Procedure 72(b), and Local Rule 74.2 provide the magistrate judge with the authority for issuing the F&R in this case.  Judge Kurren issued an Order to Show Cause, which was served on Plaintiff via First Class Mail.  See Court's Certificate of Service (Aug. 30, 2007).  In response, Plaintiff filed a memorandum of law and appeared at the hearing on the Order to Show Cause.  See Writ of Execution, Statement of Jurisdiction, Caveat and Prohibition, Mandamus and Praecipe, Memorandum Brief of Law, Verification, Oath of Office, and Notice of Service (Aug. 28, 2007); Transcript of Order to Show Cause Why Case Should Not Be Dismissed (Aug. 29, 2007) ("Transcript"). Judge Kurren considered Plaintiff's arguments and made findings supported by the record and a recommendation supported by the Federal Rules of Civil Procedure.  See generally F&R at 1-2;

3

Transcript at 1.  Judge Kurren acted within his authority and
Plaintiff was given ample opportunity to present his argument
before Judge Kurren made his findings and recommendation.

Second, Plaintiff's argument that he has submitted
proof that defendants were served lacks any support.  <u>See</u>
Objections at 2.  Pursuant to Federal Rule of Civil Procedure 4,
Plaintiff is responsible for service of the summons and complaint
within 120 days after the filing of the complaint with the Court.
<u>See</u> Fed. R. Civ. P. 4(c) and (m).  Service must be made in the
manner described in the rule, such as by delivering a copy of the
summons and of the complaint to each individual defendant
personally.  <u>See</u> Fed. R. Civ. P. 4(e).  Additionally, Plaintiff
must provide the Court with proof of service, as described in the
rule.  <u>See</u> Fed. R. Civ. P. 4(*l*).  Here, Plaintiff has provided
this Court with absolutely no documentation of proof of service
under Federal Rule of Civil Procedure 4.

Third, Plaintiff's argument that he is not proceeding
<u>pro se</u> demonstrates his misunderstanding of that term.  <u>See</u>
Objections at 2.[1/]  A party proceeds <u>pro se</u> when he is
representing himself in a judicial proceeding - when he is acting

---

[1/]Plaintiff makes the same argument in an email sent to the
Court, and it fails for the same reasons discussed here.  The
Court notes, however, that emails sent to Court email addresses
are not filed with the Clerk's Office; therefore, the emails are
not pleadings, briefs, motions, or any part of the record in this
case.  Plaintiff must officially file, with the Clerk's Office,
any document that he would like this Court to receive and review.

without a lawyer.  <u>See</u> Black's Law Dictionary 1258 (8th ed. 2004)
(defining the adverb and adjective "pro se" as "[Latin] For
oneself; on one's own behalf; without a lawyer"; defining the
noun "pro se" as "One who represents oneself in a court
proceeding without the assistance of a lawyer").  In this case,
no lawyer has made an appearance on behalf of Plaintiff; instead,
Plaintiff has been representing himself, <u>pro se</u>.

Fourth, Plaintiff's argument that Judge Kurren is
"unlawfully concealing a judgment under 18 U.S.C. § 1506" is
totally unfounded and inappropriate.  <u>See</u> Objections at 2.
Section 1506 is a criminal statute for theft or alteration of
record or process.  <u>See</u> 18 U.S.C. § 1506.  There has been no
evidence of theft or alteration of record or process here.

In summary, Plaintiff's arguments lack support and
merit.[2]

## <u>CONCLUSION</u>

For the foregoing reasons, the Court adopts in full as

---

[2] Additionally, the Court notes that Plaintiff has failed to
pay the filing fee required by 28 U.S.C. § 1914(a).  An action
may proceed without prepayment of the filing fee only upon
granting of <u>in forma pauperis</u> status, which Plaintiff has not
requested.  28 U.S.C. § 1915(a)(1).  Despite a warning from the
Clerk's Office directing Plaintiff to either remit the filing fee
or file an application to proceed <u>in forma pauperis</u>, Plaintiff
has done neither.  <u>See</u> Letter from Sue Beitia to George Peabody
(July 12, 2007).  Although Plaintiff's failure to pay the filing
fee could form an alternative ground for dismissal, the Court
will not reach that issue here since it was not addressed in the
F&R.

the opinion of this Court the Findings and Recommendation that

Case Be Dismissed.   The case is dismissed without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 24, 2007.



_____
Alan C. Kay
Sr. United States District Judge


Peabody v. Gillmor, et al., Civ. No. 07-00148 ACK-BMK, Order Adopting Findings and Recommendation.